## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CARL E. COLEMAN, | : | Case No. 3:20-cv-155 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Carl E. Coleman brings this case challenging the Social Security Administration's denial of his application for period of disability and Disability Insurance Benefits.  The case is before the Court upon Plaintiff's Statement of Errors (Doc. #18), the Commissioner's Memorandum in Opposition (Doc. #19), Plaintiff's Reply (Doc. #20), and the administrative record (Doc. #17).

## I.   **Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements.  *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 423(a)(1).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity."  42 U.S.C. § 423(d)(1)(A); *see Bowen,* 476 U.S. at 469-70.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

In the present case, Plaintiff applied for benefits on January 29, 2016, alleging disability due to several impairments, including lumbar degenerative disc disease, osteoarthritis in his right knee, type two diabetes, arthritis in the hands, COPD, depression, and anxiety. After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Gregory G. Kenyon. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

Step 1:    Plaintiff has not engaged in substantial gainful employment during the period from his alleged onset date of July 29, 2013, through his date last insured of December 31, 2018.

Step 2:    He has the severe impairments of Degenerative Disc Disease (DDD) of the Lumbar Spine; Mild Osteoarthritis (OA) of the Right Knee and Left Hip; Diabetes Mellitus II (DM); DeQuervain's Tenosynovitis; Chronic Obstructive Pulmonary Disease (COPD); Obesity; Bipolar Disorder; and an Anxiety Disorder.

Step 3:    He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:    His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work" with the following limitations: "(1) occasional crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; (2) no climbing of ladders, ropes and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no concentrated exposure to respiratory irritants; (5) frequent use of the hands for handling and fingering; (6) limited to performing unskilled, simple, repetitive tasks; (7) occasional contact with coworkers and supervisors; (8) no public contact; (9) no fast-paced production work or jobs which involve strict production quotas; and (10) limited to performing jobs which involve very little, if any, change in job duties or the work routine from one day to the next."

He is unable to perform any of his past relevant work.

Step 5:    He could perform a significant number of jobs that exist in the national economy.

(Doc. #17-2, *PageID* #s 132-144). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 144.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #17-2, *PageID* #s 131-144), Plaintiff's Statement of Errors (Doc. #18), the Commissioner's Memorandum in Opposition (Doc. #19), and Plaintiff's Reply (Doc. #20). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. <u>Standard of Review</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III.    Discussion

In his Statement of Errors, Plaintiff contends that the ALJ erred by not including an assistive-device limitation in Plaintiff's residual functional capacity (RFC).  (Doc. #18, *PageID* #s 1171-75).   According to Plaintiff, the ALJ's determination that such an assistive device was not medically necessary was based on an "artificial standard" and was "factually incorrect."  *Id*. at 1172, 1175.  This omission from the RFC is significant because it could have resulted in Plaintiff being limited to sedentary work, which, in turn, would cause him to be found automatically disabled under Social Security Grid Ruling 201.12.  *See id*. at 1175 (citing 20 C.F.R. 404, Subpt. P., App. 2, Rule 201.12).

The Commissioner maintains that substantial evidence supports the ALJ's decision.

A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for determining a claimant's RFC. *See* 20 C.F.R. § 404.1546(c).  While medical source opinions are considered, the final responsibility for deciding the RFC is reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(d); *Coldiron v. Comm'r of Soc. Sec*., 391 F. App'x. 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC.").

Additionally, a claimant's RFC may be impacted by a requirement to use a hand-held assistive device.  However, if a cane is not medically required, it cannot be considered a restriction or limitation on a claimant's ability to work. *Carreon v. Massanar*i, 51 F. App'x 571, 575 (6th Cir. 2002).  Social Security Ruling 96-9p addresses the use of an assistive device in determining RFC and the vocational implications of such devices:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e.,

4

> whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

Soc. Sec. R. 96-9p, 1996 WL 374185, at *7 (Soc. Sec. Admin. July 2, 1996). The "burden to prove through clinical evidence that a cane is medically required" is on the claimant. *Baker v. Comm'r of Soc. Sec*., No. 2:19-CV-4323, 2020 WL 2213893, at *7 (S.D. Ohio May 7, 2020) (Morrison, D.J.) (quoting *Strain v. Comm'r of Soc. Sec. Admin.*, No. 5:12-cv-1368, 2013 WL 3947160, at *2 (N.D. Ohio Aug. 1, 2013)).

In this case, Plaintiff argues that the ALJ erred in not including a requirement to use a cane in Plaintiff's RFC. (Doc. #18, *PageID* #s 1171-76). In support of this argument, Plaintiff seems to imply that the ALJ did not provide a sufficiently thorough analysis of the need for an assistive device, claiming that "[t]he ALJ only ever discussed the need when evaluating the opinions provided by Mr. Walbright's functional capacity evaluation." *Id*. at 1171. Here, it is notable that the ALJ addressed Plaintiff's reliance on a cane not only in relation to Mr. Walbright's opinion, (Doc. #17-2, *PageID* #140), but also when reviewing the record as a whole, including Plaintiff's specific impairments. *Id*. at 133. Specifically, as part of his review of Plaintiff's impairments, the ALJ observed evidence in the record reflecting that Plaintiff has "a slow, effortful gait … and ambulates with a cane[,] though there is no indication in the record that it is prescribed or medically necessary[.]" *Id*. Therefore, Plaintiff's contention that the ALJ's only discussion of his cane usage was in the context of Mr. Walbright's opinion is simply inaccurate.

Moreover, even if the ALJ's cane analysis was confined to his review of Mr. Walbright's opinion, it would not constitute reversible error. As reviewed above, in order to establish that a hand-held assistive device, such as a cane, is "medically required" the record must contain "medical documentation" that (1) establishes the need for the cane in walking and standing and (2) the specific circumstances under which the cane was needed. *See* Soc. Sec. R. 96-9p, 1996

WL 374185, at *7. Further, the burden to present such medical documentation rests with the plaintiff. *See Baker*, 2020 WL 2213893, at *7 (quoting *Strain*, 2013 WL3947160, at *2). In this case, Plaintiff has pointed to records that show that he reported using a cane to his medical providers and that he was observed using a cane but has failed to point to any records demonstrating that the cane was "medically required." *See* Soc. Sec. R. 96-9p, 1996 WL 374185, at *7. Indeed, no medical source offered an opinion or otherwise indicated that Plaintiff needed to use the cane and the specific circumstances in which the cane was needed. Therefore, because Plaintiff has not pointed to medical documentation in the record demonstrating that his cane was medically required, any error the ALJ committed by failing to more thoroughly evaluate his use of a cane was harmless error. *See Clevenger v. Comm'r of Soc. Sec*., No. 2:19-cv-4512, 2020 WL 2092387, at *9 (S.D. Ohio May 1, 2020) (Vascura, M.J.) (ALJ's failure to consider whether the plaintiff required an assistive device to ambulate was harmless error where the plaintiff was prescribed a cane only in response to her self-report of difficulty, which "fell short of the medical documentation establishing the need for a hand-held assistive device" under Soc. Sec. R. 96-9p); *Elliott v. Comm'r of Soc. Sec*., No. 2:19-CV-3445, 2020 WL 746597, at *9 (S.D. Ohio Feb. 14, 2020) (Vascura, M.J.), *report and recommendation adopted*, No. 2:19-CV-3445, 2020 WL 5797959 (S.D. Ohio Sept. 29, 2020) (Sargus, D.J.) ("even if the omission of any cane-related discussion was error, it was harmless error"; doctor's opinion that the plaintiff occasionally required the use of a cane on uneven surfaces was based on the plaintiff's self-report, which fell short of the medical documentation required).

Accordingly, to remand for a more substantive analysis and explanation of the alleged medical need for a cane would be pointless because "even a more substantive inquiry would yield

the same result: that [Plaintiff] cannot demonstrate that [he] needs, as a matter of medical necessity," to use a cane. *Strain*, 2013 WL 3947160, at *3.

Plaintiff also criticized the ALJ for focusing on the absence of a prescription for a cane when determining whether Plaintiff's RFC should include a hand-held device limitation. (Doc. #18, *PageID* #s 1171-72). According to Plaintiff, the ALJ created an "artificial standard" requiring that "the record contain a prescription in order for a cane to be deemed medically necessary." *Id*. at 1172. A review of the ALJ's decision makes clear that the ALJ did not, as Plaintiff suggests, simply rely upon the absence of prescription to conclude that Plaintiff did not require a cane restriction. On the contrary, while the ALJ did note that Plaintiff did not have a prescription for the cane, he also pointed to the lack of medical documentation in the record as to whether the cane was "medically necessary." (Doc. #17-2, *PageID* #133). Notably, Plaintiff has not presented any medical documentation setting forth a finding that the cane is medically necessary, let alone the conditions for which it is necessary.

Further, while Plaintiff is correct in his assertion that a cane does not have to be prescribed in order to be considered medically necessary, he overlooks the fact that "[t]he lack of a prescription [ ] is an appropriate factor to consider as to whether substantial evidence supports the ALJ's decision that a cane was not medically necessary." *Krieger v. Comm'r of Soc. Sec.*, No. 2:18-CV-876, 2019 WL 1146356, at *5 (S.D. Ohio Mar. 13, 2019) (Vascura, M.J.), *report and recommendation adopted*, No. 2:18-CV-876, 2019 WL 3955407 (S.D. Ohio Aug. 22, 2019) (Morrison, D.J.) (quoting *Swearengin v. Berryhill*, No. 3:17-cv-32-DCP, 2018 WL 5045216, at *4 n.4 (E.D. Tenn. Oct. 17, 2018)) (internal quotation marks omitted). Thus, the ALJ did not err when he considered the lack of a prescription for the cane as a factor in determining whether Plaintiff's cane was medically necessary.

Additionally, substantial evidence supports the ALJ's determination that there was no medical evidence supporting a finding that the cane was medically necessary. In response to this determination, Plaintiff cites to numerous instances in the record where Plaintiff was treated for pain in his back, hips, joints, and lower extremities. (Doc. #18, *PageID* #s 1173-74) (citing Doc. #17-7, *PageID* #s 505-553, 613, 615, 814, 926, 967-968, 1100). Plaintiff also points to many documented cases in his medical records where he either was observed using a cane to walk or reported using a cane to his doctors. *See id*. (citing Doc. #17-7, *PageID* #s 774, 967; Doc. #17-8, *PageID* #s 1124, 1127, 1146, 1164). Of significance to Plaintiff is the observation of his physical therapist, Mr. Walbright, that Plaintiff "uses a straight cane for all gait activities." *Id*. (citing Doc. #17-8, *PageID* #1162). Based on this evidence, Plaintiff asserts that there is "evidence that the device is medically necessary" and that the ALJ's determination otherwise is "factually incorrect." *Id*. at 1175.

Contrary to Plaintiff's assertions, the record does not, in fact, include the necessary medical documentation to support a cane requirement. While Plaintiff can show that he uses, and has been observed using, a cane, this alone is insufficient to satisfy the medical documentation requirement. There is no dispute that Plaintiff has impairments that may impact his ability to walk or stand. The ALJ not only acknowledged this in his opinion, (Doc. #17-2, *PageID* #133), but also questioned Plaintiff at length regarding these impairments and their relation to his cane usage at the hearing. (Doc. #17-2, *PageID* #s 180-181, 183, 194). Similarly, there is no dispute that Plaintiff has routinely been observed using a cane or reported using a cane. Nonetheless, the fact that Plaintiff has demonstrated that he uses a cane does not compensate for the lack of "any clinical evidence [] unmistakably support[ing] that he *must* use a cane." *Krieger*, 2019 WL 3955407, at *4 (citing *Strain*, 2013 WL 3947160, at *2). Even Mr. Walbright's opinion is simply an observation that

Plaintiff routinely uses a cane for all gait activities; he does not opine Plaintiff's use of the cane is "medically necessary" or the specific circumstances for which it is medically necessary.

Simply put, the evidence relied upon by Plaintiff in alleging that the ALJ erred in not including a cane limitation in the RFC is insufficient "medical documentation" to establish that his use of a cane was "medically required." *See* Soc. Sec. R. 96-9p, 1996 WL 374185 at *7; *see also Strain,* 2013 WL 3947160, *2 (holding that the plaintiff failed to "meet her burden to demonstrate through the use of clinical evidence that the cane is necessary"); *Scroggins v. Comm'r of Soc. Sec.,* No. 16-11913, 2017 WL 4230650, at *4 (E.D. Mich. Sept. 25, 2017) (ALJ's conclusion that plaintiff failed to establish need for a cane was reasonable, even though she testified she was prescribed a cane and documentation showed she received a cane, given there was no specific evidence in the record establishing that she needed the cane and no medical documentation describing circumstances in which a cane was required).

As set forth above, the record does not establish that Plaintiff's cane was medically required or the specific circumstances under which the cane was needed. Substantial evidence supports the ALJ's decision to omit the need to use a medically required hand-held assistive device from the RFC finding. Accordingly, Plaintiff's challenges to the ALJ's decision lack merit.

<b>IT IS THEREFORE RECOMMENDED THAT</b>:

1.   The ALJ's non-disability decision be affirmed; and

2.   The case be terminated on the Court's docket.


July 28, 2021                              *s/ Peter B. Silvain, Jr.*
                                           Peter B. Silvain, Jr.
                                           United States Magistrate Judge

9

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).