UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CARL E. COLEMAN, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:20-cv-155 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER OVERRULING OBJECTIONS (DOC. NO. 22); ADOPTING, IN FULL, THE REPORT AND RECOMMENDATIONS (DOC. NO. 21); AFFIRMING THE ALJ'S NON-DISABILITY DECISION; AND, TERMINATING THIS CASE ON THE COURT'S DOCKET**

This Social Security disability benefits appeal is before the Court on the Objections (Doc. No. 22) filed by Plaintiff Carl E. Coleman ("Plaintiff") to Magistrate Judge Peter B. Silvain, Jr.'s Report and Recommendations ("Report") (Doc. No. 21). Magistrate Judge Silvain recommended that the non-disability decision of the Administrative Law Judge ("ALJ") be affirmed. Plaintiff filed Objections (Doc. No. 22) to the Report. Plaintiff argues that the ALJ did not properly evaluate the medical necessity of an ambulatory aid under Social Security Regulation 96-9p and that this Court should reject the Report. (*See* Doc. No. 22.) The time for the Commissioner to respond to the Objections has passed. Therefore, the matter is ripe for review.

If a party objects within the allotted time to a United States magistrate judge's report and recommendation(s), then the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify,

1

in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court's "review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).

The Court has made a *de novo* review of the record in this case and a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court finds that the Objections (Doc. No. 22) to the Report are not well-taken and are **OVERRULED**. *See* Soc. Sec. R. 96-9p, 1996 WL 374185, at *7 (Soc. Sec. Admin. July 2, 1996) ("To find that a hand-held assistive device is medically required, there must be medical documentation [1] establishing the need for a hand-held assistive device to aid in walking or standing, and [2] describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)"); *Baker v. Comm'r of Soc. Sec.*, No. 2:19-cv-4323, 2020 WL 2213893, at *7 (S.D. Ohio May 7, 2020) (plaintiff "maintains the burden to prove through clinical evidence that a cane is medically required"); *Krieger v. Comm'r of Soc. Sec.*, 2:18-cv-876, 2019 WL 3955407, at *4 (S.D. Ohio Aug. 8, 2019) ("[w]hile Plaintiff demonstrated that he has used a cane … he did not point to any clinical evidence that unmistakably supported that he *must* use a cane") (emphasis in original). The Court **ADOPTS** the Report (Doc. No. 21) and rules as follows:

1. The Administrative Law Judge's non-disability finding is **AFFIRMED**; and
2. This case is **TERMINATED** on the docket of this Court.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, September 13, 2021.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE